**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

October 19, 2011

<u>VIA ECF</u>
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**  Lowenbein v. Hanna
       11 CV 4237 (BMC)

Dear Judge Cogan:

Plaintiff's Position

I represent the plaintiff in the above referenced matter. This matter contains three causes of action. The first is filed pursuant to the Fair Debt Collection Practices Act as a putative class action suit. One class is those members who received a letter where they were led to believe that the account was reviewed by an attorney. The defendant has already lost on this issue as pointed out in paragraph 13, which decision was attached to the complaint. It also has a class for those members who received a call where the defendant did not disclose that the communication is from a debt collector. The call was also placed to a telephone service where the plaintiff was charged for the call so that results in their being an additional sub-class.

The second cause of action involves the Telephone Communication Privacy Act where the plaintiff alleges that the defendant called the plaintiff wireless pager number where the plaintiff was charged for each call or attempted call where the defendant did not have express authorization to do so. We allege that there were 58 calls so that liability could be anywhere from $29,000 to $87,000 if the Court were to award treble damages.

There is also a third cause of action under the FDCPA for improper third party disclosure.

Defendant's Position

Defendant Hanna & Associates, P.C. ("Hanna") denies that it has violated any section of the Fair Debt Collection Practices Act. Defendant avers that it was fully compliant with FDCPA, 15 U.S.C. § 1692, *et seq.*, and, if it was not, it has reasonable procedures in place designed to prevent violations of FDCPA, 15 U.S.C. § 1692, *et seq*. The allegation regarding the March 7, 2010 call is past the FDCPA's one year statute of limitations. <u>See</u> 15. U.S.C. § 1692k(a)(3).

Regarding the alleged violation of the Telephone Communication Privacy Act, Defendant has requested from Plaintiff's counsel the cell number identified in Plaintiff's Complaint so it can properly investigate this claim. At this time Hanna denies that it has violated any section of the Telephone Communication Privacy Act.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein